

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# USA v. Xocholij-Carrillo

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3318

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Xocholij-Carrillo" (2008). *2008 Decisions.* Paper 1673.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1673

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3318
_____

UNITED STATES,


v.


MATEO XOCHOLIJ-CARRILLO,

Appellant
_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
No: 06-cr-41
District Judge: Honorable Donetta W. Ambrose


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
January 14, 2008

Before: FUENTES, JORDAN, Circuit Judges, and RUFE,[*] District Judge.

(Opinion Filed: January 30, 2008)

_____

[*] Honorable Cynthia M. Rufe, District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

---

## OPINION OF THE COURT

_____

FUENTES, Circuit Judge.

On March 20, 2006, Mateo Xocholij-Carrillo, defendant-appellant, pled guilty to a violation of 18 U.S.C. §§ 1326(a) and 1326(b)(2)(A) for unlawfully reentering the United States after having been deported on August 2, 2004. Xocholij-Carrillo was discovered to have reentered the country when he was found riding in the back of a van with fourteen other illegal immigrants on December 31, 2005. He had two prior convictions, one for assault and one for a forged document (a social security card). Xocholij-Carrillo's presentence report ("PSR") identified his assault conviction as being pursuant to N.Y. Penal Law § 120.05(2), which is a crime of violence under U.S.S.G. § 2L1.2, and calculated his offense level to be 21. The PSR calculated his guideline range to be 46 to 57 months in prison. On June 27, 2006, the District Court departed downwards six levels to an offense level of 15 and sentenced Xocholij-Carrillo to 27 months in prison. He timely appealed his sentence.[1] For the reasons set forth, we will deny his appeal.

Xocholij-Carrillo appeals his sentence on the basis that 1) the evidence on the record was insufficient to establish that Xocholij-Carrillo had previously been convicted of any crime, 2) the evidence of the record was insufficient to show that the crime

---

[1] The District Court had jurisdiction over the action by virtue of 18 U.S.C. § 3231. We have jurisdiction to review the defendant's sentence pursuant to 18 U.S.C. 3742(a) and 28 U.S.C. § 1291.

2

Xocholij-Carrillo was convicted of, if any, required a *mens rea* more than recklessness, 3) even if the record is clear that Xocholij-Carrillo was convicted of N.Y. Penal Law § 120.05(2), the rule of lenity requires it be treated as an aggravated felony, requiring an 8-level enhancement, rather than a crime of violence, requiring a 16-level enhancement, 4) the District Court should have made its findings regarding Xocholij-Carrillo's prior record beyond a reasonable doubt, not by a preponderance of the evidence, and 5) his sentence was unreasonable.

First, Xocholij-Carrillo's argument that the evidence on the record was insufficient to establish that he had previously been convicted of any crime is frivolous as he affirmed during his change of plea hearing that it was true that "he was previously deported and removed to his home country of Guatemala from the United States on August 2, 2004, after serving periods of incarceration in New York for charges that include assault . . . and possessing a forged instrument." (App. 27.)

Next, Xocholij-Carrillo contends that there is no evidence that he was convicted of an assault which required a *mens rea* more than recklessness. He makes this argument because "a crime whose *mens rea* is 'pure' recklessness is not a crime of violence for immigration purposes." Tran v. Gonzales, 414 F.3d 464, 465 (3d Cir. 2005). His sentence was enhanced because the District Court found that he had previously been convicted of violating N.Y. Penal Law § 120.05(2), for which the *mens rea* element is "intent to cause physical injury to another person." He argues that the document offered by the government to show what crime he was convicted of, the Certificate of Disposition

3

(App. 53), is insufficient evidence to prove that he was convicted of N.Y. Penal Law §

120.05(2) as opposed to any of the other sections of New York penal law he was

originally charged with.[2]

In support of his argument that the Certificate of Disposition does not prove the

statutory section he was convicted of, Xocholij-Carrillo cites to United States v.

Hernandez, 218 F.3d 272, 278-79 (3d Cir. 2000). The Hernandez case does not support

Xocholij-Carrillo. In Hernandez, in order to argue for a career offender enhancement, the

government submitted Certificates of Disposition to prove that the defendant had two

prior convictions for possession of a narcotic with intent to sell. Hernandez sought to

challenge the accuracy of these documents by introducing a transcript of his plea colloquy

to show that he pled to mere possession, which would make him ineligible for the

enhancement. The district court refused to consider the transcript of the plea colloquy

and determined that Hernandez was eligible for the career offender enhancement, relying

only on the Certificates of Disposition. We reversed, finding that the district court erred

by refusing to consider the transcript of the plea colloquy. We held that a Certificate of

Disposition is not *conclusive* proof of the statute of conviction. Id. at 278. But in this

case, Xocholij-Carrillo offers no evidence to show that he was not convicted of N.Y.

Penal Law § 120.05(2). By a preponderance of the evidence, the government showed that

---

[2] Xocholij-Carrillo was also charged with violations of N.Y. Penal Law §§ 120.15, 240.26(1), and 265.01(2). We do not address whether these sections would be considered crimes of violence as we find that there was sufficient evidence to show that Xocholij-Carrillo was convicted of N.Y. Penal Law § 120.05(2).

4

Xocholij-Carrillo was convicted of N.Y. Penal Law § 120.05(2).

Third, Xocholij-Carrillo argues that even if we conclude that he was convicted of N.Y. Penal Law § 120.05(2), he should have received the enhancement for an aggravated felony, rather than a crime of violence, since a crime under N.Y. Penal Law § 120.05(2) fits the definition of both. Pursuant to U.S.S.G. § 2L1.2, an aggravated felony merits an 8-level enhancement while a crime of violence merits a 16-level enhancement. Xocholij-Carrillo's argument that we should apply lenity and remand for the District Court to impose the enhancement for an aggravated felony fails because U.S.S.G. § 2L1.2 specifically indicates that the court should impose "the greatest" of the possible enhancements. Also, we note that the District Court departed downwards by 6 levels, finding that "the advisory Guideline range is greater than necessary. . . to meet the goals of sentencing." (App. 87.)

Fourth, Xocholij-Carrillo argues that the District Court erred by making its findings on his prior record by a preponderance of the evidence, rather than beyond a reasonable doubt. This argument has been soundly rejected by the Supreme Court. James v. United States, __ U.S. __, 127 S.Ct. 1586, 1600 (2007); Almendarez-Torres v. United States, 523 U.S. 224 (1998).

Lastly, Xocholij-Carrillo offers us no basis to conclude that the sentence he received was unreasonable.

For the reasons stated, Xocholij-Carrillo's appeal will be denied.

5